**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice L. Lutz,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | No. CV-12-2487-PHX-LOA<br><br>**ORDER** |

Plaintiff seeks review of the Social Security Administration Commissioner's decision denying her application for disabled widow's benefits and supplemental security income. The parties, who have consented to proceed before the undersigned United States Magistrate Judge, have filed briefs in accordance with the District Court's Rule of Practice ("Local Rule" or "LRCiv")16.1. After review of the record, briefing and applicable law, the decision of the Commissioner is reversed and the matter is remanded for an award of benefits.

**I.  Procedural Background**

On August 6, 2009, Plaintiff filed applications for Social Security Disabled Widow's Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act. 42 U.S.C. §§ 401-433 and §§ 1381-1383c (AR[1] 28, 183-192).

---

[1] Citations to "AR" are to the administrative record.

1   Plaintiff was 51 years old when she filed the applications and has a high school education.
2   (AR 53, 183) Plaintiff claimed in the applications she became unable to work because of a
3   disabling condition on August 6, 2008, and that she remains disabled. (AR 183, 187)
4   Plaintiff identified severe pain in her legs and hands as conditions that limited her ability to
5   work. (AR 53, 220)

6        Plaintiff's applications were denied by the Social Security Administration ("SSA")
7   on February 18, 2010. (AR 106-115) Following Plaintiff's request for reconsideration, the
8   SSA affirmed the denial of the applications on August 30, 2010. (AR 72-105, 127-130)
9   Pursuant to Plaintiff's request, AR 131, a hearing was held on July 18, 2011, before
10  Administrative Law Judge ("ALJ") Kathleen Mucerino. (AR 44-65)  In a decision dated
11  August 5, 2011, the ALJ ruled Plaintiff is not entitled to disability benefits because she has
12  not been under a disability as defined in the  Social Security Act from the alleged date of
13  onset through the date of the decision. (AR 25-37) On October 1, 2012, the Appeals Council
14  denied Plaintiff's request for review of the ALJ's decision. (AR 1-3)  As a result of the
15  denial, the ALJ's decision became the final decision of the Commissioner. (AR 1)

16       Having exhausted the administrative review process, Plaintiff sought judicial review
17  of the Commissioner's decision on November 19, 2012, by filing a Complaint in this District
18  Court pursuant to 42 U.S.C. § 405(g). (Doc. 1) On May 10, 2013, Plaintiff filed an Opening
19  Brief pursuant to LRCiv 16.1, in which she seeks a remand for an award of benefits. (Doc.
20  16)

21       On June 25, 2013, Defendant (the "Commissioner") filed a Motion for Entry of
22  Judgment with Order to Remand along with an attached Memorandum in Support of
23  Remand. (Doc. 19) The Commissioner explained that the SSA Appeals Council further
24  reviewed Plaintiff's case and determined a remand for further proceedings was appropriate.
25  According to the Commissioner, the ALJ would, upon remand, be directed to update medical
26  evidence, reevaluate medical source opinions, reevaluate Plaintiff's residual functional
27

1 capacity, and obtain further vocational expert testimony. (Doc. 19 at 2) By order of the
2 Court, doc. 20, Plaintiff filed a Response to Defendant's Motion for Entry of Judgment with
3 Order to Remand on July 25, 2010, in which Plaintiff opposed the Commissioner's request
4 and asked the Court to remand the case for an award of benefits. (Doc. 24) On August 23,
5 2013, the Court denied the Motion for Entry of Judgment with Order to Remand. (Doc. 25)
6 The Court instead directed the Commissioner to file an answering brief and provided Plaintiff
7 the option to file a reply brief. On September 11, 2013, the Commissioner filed an
8 Opposition to Plaintiff's Opening Brief. (Doc. 26) Plaintiff then filed a Reply Brief on
9 October 29, 2013. (Doc. 29)

## II. Applicable Legal Standards

### A. Standard of Review

The Court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reddick*, 157 F.3d at 720. In determining whether substantial evidence supports the ALJ's decision, a district court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720; *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary." *Reddick*, 157 F.3d at 720-21.

**B. Sequential Evaluation Process**

To be eligible for Social Security disability benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The claimant bears the initial burden of proving disability. 42 U.S.C. § 423(d)(5); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). A five step procedure is used to evaluate a disability claim:

> In step one, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). In step two, the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). If the answer is no, the claimant is not disabled. If the answer is yes, the Secretary proceeds to step three and determines whether the impairment meets or equals a "listed" impairment that the Secretary has acknowledged to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. At step four, the Secretary determines whether the claimant can perform "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant can perform such work, she is not disabled. If the claimant meets the burden of establishing an inability to perform prior work, the Secretary must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. 20 C.F.R. § 404.1520(f).

*Reddick*, 157 F.3d at 721.

**III. ALJ Decision**

Applying the five-step procedure in this case, the ALJ determined Plaintiff has not engaged in substantial gainful activity since the alleged onset date of her disabling condition. (AR 30) The ALJ found Plaintiff has the following "severe" impairments within the meaning of the regulations: degenerative disc disease, alcohol dependence (remission), obesity, mood disorder and anxiety disorder. (AR 31) The ALJ determined, however, that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the

4

severity of a listed impairment. (AR 31) As a result, the ALJ assessed Plaintiff's residual functional capacity[2] ("RFC"). (AR 32-36)  The ALJ determined Plaintiff has the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b). (AR 32)  She found Plaintiff is able to lift or carry twenty pounds occasionally and ten pounds frequently; stand or walk for six hours in an eight-hour workday; frequently climb ramps or stairs, but never ladders, ropes or scaffolds; and occasionally bend, stoop, kneel, crouch and crawl. (AR 32) The ALJ further determined that although Plaintiff has no past relevant work, she is able to do unskilled work, and there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (AR 32, 36) Based on these findings, the ALJ concluded Plaintiff has not been under a "disability," as defined in the Social Security Act, from the alleged date of onset, August 6, 2008, through the date of the ALJ's decision. (AR 37)  Consequently, the ALJ ruled Plaintiff is not entitled to disabled widow's benefits or supplemental security income. (AR 37)

**IV. Analysis**

Plaintiff contends in her opening brief the Commissioner's decision should be reversed and the case remanded for an award of benefits. (Doc. 16) Plaintiff argues the ALJ erred by rejecting the assessment of a treating physician and relying instead on the opinion of a non-examining state agency physician who reviewed only part of the record. Plaintiff further claims the ALJ erred by rejecting Plaintiff's symptom testimony in the absence of clear and convincing reasons for doing so. Lastly, Plaintiff argues the ALJ erred by relying on the medical-vocational guidelines when determining Plaintiff could perform other jobs in the national economy.

---

[2] The term "residual functional capacity" means the most an individual can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.  *See* 20 C.F.R § 404.1545(a)(1-2).

In the responsive brief, the Commissioner states her position has not changed with regard to her prior motion to remand for further proceedings. (Doc. 26) The Commissioner asks the Court to reverse the ALJ's decision and remand the case for further administrative proceedings. The Commissioner concedes the ALJ failed to address a treating physician's "Pain Functional Capacity (RFC) Questionnaire" in which the treating doctor assessed Plaintiff's pain at a level that would preclude her from working. (AR 713) The Commissioner argues, however, that remand is necessary for the ALJ to evaluate the treating physician's pain assessment and address other outstanding issues that must be resolved before a proper disability determination can be made.

Plaintiff argues in the reply brief that the ALJ's failure to consider the treating physician's pain assessment is not a basis to remand for further proceedings. Plaintiff contends the Court should credit the treating physician's pain assessment as true and remand the case for an award of benefits.

**A. Treating Physician's Assessments**

The opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician, as "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture" of a claimant's medical impairments. 20 C.F.R. § 404.1527(c)(2). "Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). A treating physician's opinion, however, is not necessarily conclusive and an ALJ may disregard the opinion whether or not the opinion is contradicted. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Where a treating physician's opinion is uncontradicted, an ALJ may reject it only by presenting clear and convincing reasons for doing so. *Id.* If a treating doctor's opinion is contradicted by another doctor, the ALJ can reject it only by providing "'specific and legitimate reasons' supported

by substantial evidence in the record." *Reddick*, 157 F.3d at 725 (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751.

Medical records from Plaintiff's primary care physician, Joseph Collins, D.O., show Plaintiff met with him twelve times between January 2011 and July 2011. (AR 684-709) Although the administrative record contains no other treatment records from Dr. Collins, it appears he served as Plaintiff's primary care physician for longer than that six-month period. Records from George Wang, M.D., dated October 2010, show Dr. Collins referred Plaintiff to Dr. Wang for nerve conduction testing, which suggests Dr. Collins was Plaintiff's primary care doctor before January 2011. (AR 647-659) Regardless, on July 15, 2011, Dr. Collins prepared a Medical Assessment Of Ability To Do Work Related Physical Activities. (AR 710-712) He identified Plaintiff's diagnosed physical impairments as low back pain, leg pain and weakness, and arthritis in hands and back. (AR 710) Based on the work-related limitations identified by Dr. Collins in the assessment, there are no jobs Plaintiff could perform. (AR 710-12; AR 60-61 (testimony of vocational expert based on the limitations identified by Dr. Collins)) When asked to describe the findings that support the identified limitations, Dr. Collins wrote Plaintiff is "losing muscle mass [and] strength in legs [and] grip." (AR 712) He also wrote Plaintiff is "needing high doses of narcotics and tranquilizers." (*Id.*)

Dr. Collins also completed a Pain Functional Capacity (RFC) Questionnaire on July 15, 2011, in which he concluded Plaintiff suffers from "moderately severe" pain, which means the pain "seriously affects ability to function." (AR 713-714) He indicated Plaintiff frequently experiences pain "sufficiently severe to interfere with attention and concentration" and she frequently experiences "deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere)." (*Id.*)

The ALJ addressed Dr. Collins' Medical Assessment Of Ability To Do Work Related Physical Activities and gave the assessment "little weight" for the reasons set forth in the ALJ's decision. (AR 35-36) Plaintiff challenges that determination, arguing the ALJ rejected the treating physician's opinion without proving clear and convincing reasons supported by substantial evidence in the record. (Doc. 1 at 13-16)

The record reflects the ALJ failed to address Dr. Collins' other assessment, the Pain Functional Capacity (RFC) Questionnaire. The Commissioner concedes "the ALJ did not discuss or discount Dr. Collins' pain questionnaire response" and "it is unclear whether the ALJ considered the opinion." (Doc. 26 at 11) The Commissioner acknowledges the ALJ's failure to address Dr. Collins' pain assessment constitutes legal error that requires remand. (*Id.* at 25) *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) (explaining that an ALJ cannot avoid the deference owed to treating physicians' opinions simply by not mentioning the opinion and making findings contrary to it) The parties agree the ALJ's decision must be reversed and the case must be remanded. The only issue before the Court is whether the case should be remanded for further proceedings or remanded for an award of benefits.[3]

**B. Remand for Further Proceedings or Award of Benefits**

The decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

---

[3] Because this matter is being remanded based on the ALJ's legal error for disregarding Dr. Collins' pain assessment, the Court need not reach Plaintiff's other alleged errors.

Importantly, "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). Courts credit improperly rejected evidence and remand for benefits when: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). If this test is satisfied with respect to a treating physician's opinion, "then remand for determination and payment of benefits is warranted regardless of whether the ALJ *might* have articulated a justification for rejecting [the treating physician's] opinion." *Id.* at 1179 (emphasis in original); *see also Varney v. Sec. of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988) (stating that "[i]n cases where there are no outstanding issues that must be resolved before a proper determination can be made, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony."). The Ninth Circuit has consistently reaffirmed the legal principle that improperly rejected evidence should be credited as true. *See McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002)*; Harman*, 211 F.3d at 1178; *Lester*, 81 F.3d at 834; *Reddick*, 157 F.3d at 729.[4]

---

[4] The Commissioner argues the credit-as-true rule is inconsistent with the Social Security Act and the dissenting opinion in *Vasquez v. Astrue*, 572 F.3d 572, 586 (9th Cir. 2009) (O'Scannlain, J., dissenting) (stating that the Commissioner's argument that the "credit-as-true" rule is invalid as contrary to the statute and Supreme Court precedent appeared "strong."). (Doc. 26 at 24 n.8) The dissent in *Vasquez*, however, also noted that "because the crediting-as-true rule is part of [the Ninth] circuit's law, only an en banc court

1    The Commissioner argues remand for further proceedings is necessary so the ALJ can evaluate the pain questionnaire completed by Dr. Collins; specify the weight to be given to that evidence; reevaluate Plaintiff's RFC in light of the updated record; and obtain vocational expert testimony regarding the effect of Plaintiff's functional limitations on her ability to work. (Doc. 26 at 11) The Court disagrees.

Applying the three-part test for crediting improperly rejected evidence, the first part is easily satisfied in that the ALJ necessarily rejected Dr. Collins' pain assessment when the ALJ failed to address it. *See Embry v. Bowen*, 849 F.2d 418, 422 n.3 (9th Cir. 1988) ("The ALJ must either accept the opinions of [claimant's] treating physicians or give specific and legitimate reasons for rejecting them."). Moreover, by not addressing it, the ALJ failed to provide any legally sufficient reason for rejecting the evidence.

Regarding the second part of the test, the Court is aware of no outstanding issues that must be resolved before a determination of disability can be made. At the administrative hearing, Plaintiff's counsel specifically questioned the vocational expert about whether a hypothetical claimant suffering from pain at the level set forth in Dr. Collins' pain assessment would be able to work. (AR 62) The vocational expert testified, "I believe with that level of pain, you'd be concentrating on the pain and not on your work and you would not be completing the work that you would be assigned." (*Id.*) Thus, with that evidence from the vocational expert about the impact of Plaintiff's pain on her ability to work, there are no outstanding issues that must be resolved before a disability determination can be made.

With respect to the third part of the test, relying on the same testimony from the vocational expert, the Court finds it is clear from the record that the ALJ would be required to find Plaintiff disabled if Dr. Collins' pain assessment were credited as true. The vocational

---

can change it." *Vasquez*, 572 F.3d at 602 (O'Scannlain, J. dissenting). This Court cannot ignore the rule and controlling precedent based on the Commissioner's claims that it conflicts with the Social Security Act. (Doc. 26 at 24-25).

expert's testimony demonstrates that, with Plaintiff's level of pain as assessed by Dr. Collins, Plaintiff would be precluded from all work. (AR 62) The ALJ would, therefore, be required to find Plaintiff disabled. For these reasons, the Court finds the three-part test is satisfied here and, consequently, remand for an award of benefits is appropriate.

## V.     CONCLUSION

For the foregoing reasons, the Court finds the ALJ committed legal error when she failed to consider the treating physician's pain assessment which concluded that Plaintiff suffers from a level of pain that precludes her from working. The Court further finds that based on this error, remand for an award of benefits is warranted.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Social Security Administration for an award of benefits. The Clerk of Court is kindly directed to enter judgment in favor of Plaintiff and terminate this appeal.

DATED this 14th day of February, 2014.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge